**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAEDEN WALLINGFORD,

      *Plaintiff*,

      v.

SALLIE MAE BANK,

      *Defendant*.

Civil Action No. 26 - 961 (LLA)

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raeden Wallingford, proceeding pro se, brought this suit in the Superior Court of the District of Columbia against Sallie Mae Bank ("Sallie Mae"), alleging false credit reporting of a delinquent student loan. ECF No. 1-1, at 52-53.[1] Pending before the court are Ms. Wallingford's motions for a temporary restraining order and preliminary injunction. ECF Nos. 3, 11. For the reasons explained below, the court will deny the motions.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Wallingford is a former student at Howard University. ECF No. 1-1, at 52; *see* ECF No. 3, at 2. She resides in subsidized housing with her "co-signer" in Raeford, North Carolina. ECF No. 3, at 2; ECF No. 5-1, at 2. Howard University's financial portal reflects a total account balance of $0.00 for Ms. Wallingford's student account. ECF No. 1-1, at 53; *see id.* at 58. The portal does not display any financial history between Howard and Sallie Mae, *id.* at 58, and "reports that no documents are available to substantiate and verify the alleged debt," ECF No. 3,

---

[1] When citing Ms. Wallingford's filings, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

at 2.  It also shows Ms. Wallingford's "[l]egally entitled federal aid (Pell Grant)" as "cancelled or missing, despite no change in student eligibility."    ECF No. 1-1, at 60.    Sallie Mae, Ms. Wallingford's loan servicer, reports that Ms. Wallingford owes a debt exceeding $102,000. ECF No. 3, at 2.  Since February 2026, Sallie Mae has pursued collection of Ms. Wallingford's "non-existent debt."  ECF No. 5-1, at 4; *see* ECF No. 5-3 (documenting communications that Ms. Wallingford and her "co-signer" received from Sallie Mae).

Ms. Wallingford filed suit in the Superior Court of the District of Columbia on February 25, 2026, ECF No. 1-1, at 3-12, and amended her complaint on March 4, *see id.* at 52-53. In her amended complaint, Ms. Wallingford raises one count of breach of contract, alleging that Sallie Mae's "failure to accurately maintain the status quo of a 'disputed' account and the threat of derogatory reporting constitute[] a breach of the loan agreement."  *Id.* at 53.  She seeks a "judgment declaring [her] account balance as $0.00 and an injunction against false reporting."  *Id.* Sallie Mae removed the action to this court on March 19.  ECF No. 1.

On March 20, Ms. Wallingford filed a motion for a temporary restraining order and a preliminary injunction, ECF No. 3, and she submitted various exhibits in support of her motion, *see* ECF Nos. 5, 7.  The court granted Sallie Mae's motion for an extension of time to respond to Ms. Wallingford's amended complaint, ECF No. 4, and directed Sallie Mae to respond to both Ms. Wallingford's amended complaint and motion for preliminary relief by April 16, 2026, *see* Mar. 26, 2026 Minute Order.  The court denied Ms. Wallingford's motion for reconsideration of that extension.  ECF Nos. 8, 9; *see* Apr. 10, 2026 Minute Order.  On April 8, Ms. Wallingford filed a renewed motion for a temporary restraining order and a preliminary injunction, ECF No. 11, and the court directed Sallie Mae to respond to any new arguments in its forthcoming opposition, *see* Apr. 14, 2026 Minute Order.  Sallie Mae then filed its opposition, ECF No. 13, and moved to

2

dismiss, ECF No. 14.  Ms. Wallingford filed a reply, ECF No. 16, and a supplemental declaration in support of her motion for preliminary relief, ECF No. 17.

## II.    LEGAL STANDARD

"Temporary restraining orders and preliminary injunctions are 'extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion.'"  *Lofton v. District of Columbia*, 7 F. Supp. 3d 117, 120 (D.D.C. 2013) (alteration in original) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).  To receive a temporary restraining order or a preliminary injunction, the moving party must show (1) "that [she] is likely to succeed on the merits," (2) "that [she] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [her] favor," and (4) "that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III.    DISCUSSION

Ms. Wallingford seeks a temporary restraining order and a preliminary injunction enjoining Sallie Mae from "all derogatory credit reporting regarding [Ms. Wallingford] and [her] co-signer" and ordering Sallie Mae to "retract" the April 6, 2026 reporting and "delete the false delinquency statuses associated with all loans under" her account.  ECF No. 11, at 4; *see* ECF No. 3, at 5.  The court concludes that Ms. Wallingford has failed to carry her burden to receive a temporary restraining order or a preliminary injunction.

First, Ms. Wallingford has not shown that she is likely to succeed on the merits of her claim.  In her amended complaint, Ms. Wallingford raises one claim of breach of contract, and while she alleges that Sallie Mae's inaccurate credit reporting "constitutes a breach of the loan

3

agreement," ECF No. 1-1, at 53, she does not allege any facts regarding that loan agreement or the contractual obligation that Sallie Mae allegedly violated.  Moreover, Ms. Wallingford's contract claim is likely preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which preempts all "claims made under state law concerning the furnishing and correcting of information to credit reporting agencies." *Asterbadi v. Cenlar Fed. Sav. Bank*, No. 25-CV-1847, 2026 WL 158482, at *3 (D.D.C. Jan. 20, 2026) (quoting *Pleznac v. Equity Residential Mgmt., L.L.C.*, 320 F. Supp. 3d 99, 107 (D.D.C. 2018)); *see* 15 U.S.C. § 1681t(b)(1)(F).  Ms. Wallingford also asserts in her motions for preliminary relief that Sallie Mae's actions violate the Fair Debt Collection Practices Act ("FDCPA") and FCRA.  ECF No. 3, at 3; ECF No. 11, at 3.  As with her contract claim, Ms. Wallingford does not allege any facts supporting claims under these statutes.  Specifically, Ms. Wallingford does not allege that Sallie Mae is a "debt collector" for purposes of the FDCPA, which requires that her loan was in default when Sallie Mae acquired it.  *See Parker v. BAC Home Loans Servicing LP*, 831 F. Supp. 2d 88, 94 (D.D.C. 2011).  And the FCRA does not provide a basis for the equitable relief Ms. Wallingford seeks.  ECF No. 1-1, at 53; *see Brown v. Pa. Higher Educ. Agency*, No. 19-CV-979, 2019 WL 2103127, at *2 (D.D.C. May 14, 2019) ("Nothing in the text of the FCRA 'allows private litigants to maintain a claim for injunctive relief,' and 'courts that have considered [the] issue have overwhelmingly concluded that the FCRA precludes private litigants from seeking equitable relief.'" (alteration in original) (first quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); then quoting *Owner-Operator Indep. Driver Ass'n, Inc. v. Usis Com. Servs., Inc.*, 410 F. Supp. 2d 1005, 1007 (D. Colo. 2005))).  Accordingly, even construing her filings liberally and assuming that she has asserted claims under the FDCPA and FCRA, the court cannot conclude that Ms. Wallingford is likely to prevail on her claims.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)

4

(noting that the movant carries the burden of justifying, by a clear showing, her entitlement to relief).

Ms. Wallingford has also failed to demonstrate that she is likely to suffer irreparable harm absent preliminary relief. "[P]roving 'irreparable' injury is a considerable burden" and requires "proof that the movant's injury is '*certain, great and actual*—not theoretical—and *imminent*, creating a clear and present need for extraordinary equitable relief to prevent harm.'" *Power Mobility Coal. v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005) (quoting *Wis. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)). Ms. Wallingford alleges that Sallie Mae's derogatory credit reporting "creates an imminent risk of displacement and homelessness" because it may disqualify her and her co-signer from their subsidized housing, "where eligibility is strictly credit-dependent." ECF No. 11, at 2; *see* ECF No. 3, at 2. In her renewed motion, Ms. Wallingford alleges that Sallie Mae reported her delinquency to Equifax on April 6, 2026, meaning the "'threatened' harm has become a reality." ECF No. 11, at 2; *see* ECF Nos. 11-5, 11-6. Ms. Wallingford further alleges that her co-signer's credit score dropped from the high 600s to 566 following Sallie Mae's reporting and that, on April 17, her co-signer's Best Buy credit card was summarily closed for "credit risk." ECF No. 17-1 ¶¶ 2, 4-5.

While "impending homelessness" may constitute irreparable harm, *Cabrera v. U.S. Dep't of Lab.*, 792 F. Supp. 3d 91, 105 (D.D.C. 2025) (quoting *Nat'l Job Corps Ass'n v. Dep't of Lab.*, 788 F. Supp. 3d 642, 657 (S.D.N.Y. 2025)), *appeal dismissed*, No. 25-5340, 2025 WL 3635881 (D.C. Cir. Dec. 15, 2025), Ms. Wallingford has not established that such harm is "certain to occur in the near future," *Wis. Gas Co.*, 758 F.2d at 674. Ms. Wallingford asserts that she could become ineligible for her subsidized housing because "significant debt that would reduce ability to pay rent" is a criterion for eligibility. ECF No. 5-1, at 2; *see* ECF No. 5-2, at 1 (management

company's screening criteria); ECF No. 16, at 6 (arguing that her "housing is contingent upon a credit profile that [Sallie Mae] is actively damaging with inaccurate reporting"). But this claim of harm is too attenuated from Sallie Mae's derogatory reporting and too speculative to justify preliminary relief. As Sallie Mae points out, Ms. Wallingford has not provided "any evidence— such as a notice from her housing provider, correspondence regarding an eligibility review, or documentation of any pending adverse housing action," ECF No. 13, at 6, demonstrating that she is likely to lose her eligibility imminently, *see Hanson v. District of Columbia*, 120 F.4th 223, 245 (D.C. Cir. 2024) ("'[S]imply showing some *possibility* of irreparable injury' is not sufficient to make the irreparable harm showing needed to obtain preliminary relief." (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009))). The court therefore cannot credit Ms. Wallingford's conclusory allegation that loss of housing "is a mathematical certainty." ECF No. 16, at 4.

Ms. Wallingford also alleges that Sallie Mae's reporting has recently caused her co-signer's credit score to fall and credit line to be summarily closed. ECF No. 17-1 ¶¶ 2, 4. She asserts that without the credit line, her household is "in a state of 'financial blackout,' unable to access the credit necessary for . . . immediate needs," *id.* ¶ 7. The only imminent harm Ms. Wallingford cites is an inability to "fund schooling supplies for [her] minor brother who resides with [her]." *Id.* ¶ 6. While the court is sympathetic to Ms. Wallingford's financial difficulties, this alleged harm is insufficient to meet the "considerable burden" of establishing irreparable injury for purposes of preliminary relief. *Power Mobility Coal.*, 404 F. Supp. 2d at 204.

Because Ms. Wallingford has failed to establish a likelihood of success on the merits or irreparable harm absent preliminary relief, she is not entitled to a temporary restraining order or a preliminary injunction. *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (explaining that a "movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary

injunction, even if the other three factors . . . merit such relief); *see also Pennsylvania v. DeVos*, 480 F. Supp. 3d 47, 68 (D.D.C. 2020) ("Plaintiffs' inability to show a likelihood of success on the merits or irreparable harm likely ends the matter there.").

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Wallingford's Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 3, and Renewed Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 11, are **DENIED**.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:   May 14, 2026

7